```
                    United States Bankruptcy Court
                     Middle District of Pennsylvania

In re:                                              Case No. 19-04323-HWV
Wayne Lee. Waltman                                  Chapter 13
        Debtor              CERTIFICATE OF NOTICE

District/off: 0314-1          User: AutoDocke        Page 1 of 1        Date Rcvd: Feb 10, 2020
                              Form ID: pdf002         Total Noticed: 17
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 12, 2020.
```
db              +Wayne Lee. Waltman,    250 Bankert Road,    Hanover, PA 17331-8612
5255533         ++BANK OF AMERICA,   PO BOX 982238,    EL PASO TX 79998-2238
                 (address filed with court: Bank of America,    Attn: Bankruptcy,   Po Box 982238,
                  El Paso, TX 79998)
5255534         +Chase Card Services,    Attn: Bankruptcy,    Po Box 15298,    Wilmington, DE 19850-5298
5255535         +Citibank/Sears,    Attn: Bankruptcy,    Po Box 6275,    Sioux Falls, SD 57117-6275
5255537         +DITECH FINANCIAL LLC,    C/O  KML Law Group, PC,    701 Market Street  Ste. 5000,
                  Philadelphia, PA 19106-1541
5273073          Ditech Financial LLC,    P.O. Box 12740,    Tempe, AZ 85284-0046
5291181          New Residential Mortgage LLC,    P.O. Box 10826,    Greenville, SC 29603-0826
5291182          New Residential Mortgage LLC,    P.O. Box 10826,    Greenville, SC 29603-0826,
                  New Residential Mortgage LLC,    P.O. Box 10826,    Greenville, SC 29603-0826
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr              +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 10 2020 20:30:08
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5255536         +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Feb 10 2020 20:04:47      ComenityCapital/Boscov,
                 Attn: Bankruptcy Dept,    Po Box 182125,    Columbus, OH 43218-2125
5255538         +E-mail/Text: bankruptcy.bnc@ditech.com Feb 10 2020 20:04:44     Ditech Financial Llc,
                 Po Box 6172,    Rapid City, SD 57709-6172
5255539          E-mail/Text: cio.bncmail@irs.gov Feb 10 2020 20:04:39     Internal Revenue Service,
                 Centralized Insolvency Operation,    P.O. Box 7346,    Philadelphia, PA 19101-7346
5281751          E-mail/Text: JCAP_BNC_Notices@jcap.com Feb 10 2020 20:05:07     Jefferson Capital Systems LLC,
                 Po Box 7999,    Saint Cloud Mn 56302-9617
5278415          E-mail/Text: bnc-quantum@quantum3group.com Feb 10 2020 20:04:49
                 Quantum3 Group LLC as agent for,    Comenity Capital Bank,    PO Box 788,
                 Kirkland, WA  98083-0788
5255709         +E-mail/PDF: gecsedi@recoverycorp.com Feb 10 2020 20:07:34      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5255540         +E-mail/PDF: gecsedi@recoverycorp.com Feb 10 2020 20:07:52      Synchrony Bank/Amazon,
                 Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
5255541         +E-mail/Text: EBankruptcy@UCFS.NET Feb 10 2020 20:05:29     United Consumer Financial Services,
                 Attn: Bankruptcy,    865 Bassett Rd,    Westlake, OH 44145-1194
                                                                     TOTAL: 9

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr               New Residential Mortgage LLC
                                                              TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 12, 2020                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 10, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)   TWecf@pamd13trustee.com
              James  Warmbrodt   on behalf of Creditor   Ditech Financial LLC bkgroup@kmllawgroup.com
              Tony Santo Sangiamo   on behalf of Debtor 1 Wayne Lee. Waltman tsanlaw@gmail.com,
               kathyslaw88@gmail.com;nicoleroserobinson@gmail.com;sangiamotr73458@notify.bestcase.com
              United States Trustee   ustpregion03.ha.ecf@usdoj.gov
                                                                   TOTAL: 4
```

Case 1:19-bk-04323-HWV   Doc 39   Filed 02/12/20   Entered 02/13/20 00:42:01   Desc
                   Imaged Certificate of Notice    Page 1 of 6

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**Wayne Lee Waltman** | CHAPTER 13<br>CASE NO.  **1:19-bk-04323** |

&#9746; ORIGINAL PLAN
    AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
0  Motions to Avoid Liens
0  Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1    The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania.    &#9633; Included    &#9746; Not Included

2    The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor.    &#9633; Included    &#9746; Not Included

3    The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G.    &#9633; Included    &#9746; Not Included

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1.**      **PLAN FUNDING AND LENGTH OF PLAN.**

     **A.**      **Plan Payments From Future Income**

        1. To date, the Debtor paid $**0** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**153,269.40**, plus other payments and property stated in § 1B below:

| Start<br>mm/yy | End<br>mm/yy | Plan<br>Payment | Estimated<br>Conduit<br>Payment | Total<br>Monthly<br>Payment | Total<br>Payment<br>Over Plan<br>Tier |
|---|---|---|---|---|---|
| **11/19** | **10/24** | 1,104.49 | 1,450.00 | 2,554.49 | 153,269.40 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $**153,269.40** |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

        3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1:19-bk-04323-HWV    Doc 18    Filed 10/18/19    Entered 10/18/19 14:09:24    Desc
Main Document     Page 1 of 5
Case 1:19-bk-04323-HWV    Doc 39    Filed 02/12/20    Entered 02/13/20 00:42:01    Desc
Imaged Certificate of Notice     Page 2 of 6

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

☒ Debtor is over median income. Debtor(s) estimates that a minimum of $**-232.33** must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**97,222.50**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

_____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☒ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| DITECH FINANCIAL LLC | C/O KML Law Group, PC; 701 Market Street Ste. 5000; Philadelphia, PA 19106 | 9395 | $1,450.00 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

☒ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| DITECH FINANCIAL LLC | 250 Bankert Road Hanover, PA 17331 | $41,300.00 | $0.00 | $41,300.00 |

**D.** **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| DITECH FINANCIAL LLC | 250 Bankert Road Hanover, PA 17331 | $104,000.00 | 0% | $87,000.00 |

**E.** **Secured claims for which a § 506 valuation is applicable.** *Check one.*
☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

**F.** **Surrender of Collateral.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G.** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.** **PRIORITY CLAIMS.**

**A.** **Administrative Claims**

1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's fees.</u> Complete only one of the following options:

a. In addition to the retainer of $__ already paid by the Debtor, the amount of $_ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

b. $**250.00** per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B.   Priority Claims (including, certain Domestic Support Obligations**

☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

☒ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $1,800.00 |
| Internal Revenue Service | $1,800.00 |

**C.   Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.   UNSECURED CLAIMS**

**A.   Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B.   Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.   VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒   plan confirmation.
☐   entry of discharge.
☐   closing of case.

**7.   DISCHARGE: (Check one)**

☒   The debtor will seek a discharge pursuant to § 1328(a).

☐   The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.   ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 1:19-bk-04323-HWV   Doc 18   Filed 10/18/19   Entered 10/18/19 14:09:24   Desc
Main Document     Page 4 of 5
Case 1:19-bk-04323-HWV   Doc 39   Filed 02/12/20   Entered 02/13/20 00:42:01   Desc
Imaged Certificate of Notice     Page 5 of 6

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

9.        **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:    **October 15, 2019**                    **/s/ Tony Sangiamo**
                                                 **Tony Sangiamo 44124**
                                                 Attorney for Debtor

                                                 **/s/ Wayne Lee Waltman**
                                                 **Wayne Lee Waltman**
                                                 Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy